UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

David Gonzalez

   v.                                                   Civil No. 23-cv-085-SE-AJ

Warden, FCI Berlin

## REPORT AND RECOMMENDATION

David Gonzalez, a federal prisoner, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), seeking to direct the Federal Bureau of Prisons ("BOP") to apply the "time credits" he has earned under the First Step Act ("FSA"), towards his sentence, and challenging the validity of his life sentence. Before the court is the Warden's motion for summary judgment (Doc. No. 6), as well as petitioner's motion for injunctive relief (Doc. No. 10), to which the respondent has objected (Doc. No. 11).

## Background

Mr. Gonzalez is serving a life sentence imposed in his criminal prosecution in the Northern District of Ohio. See Gonzalez v. United States, No. 04-cr-328, 2005 U.S. Dist. LEXIS 50286, at *11, 2005 WL 2230280, at *5 (N.D. Ohio Sept. 13, 2005), aff'd, 512 F.3d 285 (6th Cir. 2008). In his direct appeal in his criminal case, the petitioner litigated whether the district court, in imposing a life sentence, had properly treated his prior felony convictions as separate and distinct. See id., 512 F.3d at 291. Mr. Gonzalez did

not prevail, and the Sixth Circuit affirmed his conviction and sentence. See id. Mr. Gonzalez is currently serving his life sentence at FCI Berlin.

Mr. Gonzalez filed this § 2241 petition to challenge: (1) the failure of the BOP to apply any FSA time credits to his sentence; and (2) the use of criminal history records in his life sentence. He subsequently filed a motion for injunctive relief in this case (Doc. No. 10) concerning pending disciplinary matters, by which he seeks an order directing the BOP to clarify the bases for his incident reports and whether the BOP intends to impose sanctions upon him. The respondent has moved for summary judgment on the claims in the original petition (Doc. No. 6) and has objected (Doc. No. 11) to the petitioner's motion for injunctive relief.

## Motion for Summary Judgment

### I. Standard

A district court ruling upon a petition for a writ of habeas corpus may hear motions for summary judgment. Whitaker v. Meachum, 123 F.3d 714, 716 (2d Cir. 1997). Summary judgment is appropriate when "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Bader v. Warden, No. 02-cv-508-JD, 2003 DNH 90, 2003 U.S. Dist. LEXIS 8955, at *8-9, 2003 WL 21228520, at *3 (D.N.H. May 28, 2003) (citations omitted), aff'd, 488 F.3d 483 (1st Cir. 2007). A

"material fact" is one that has the "potential to affect the outcome of the suit." Cherkaoui v. City of Quincy, 877 F.3d 14, 23 (1st Cir. 2017) (citation and internal quotation marks omitted).  A "genuine dispute" exists if a reasonable factfinder could resolve the disputed fact in the nonmovant's favor. Ellis v. Fidelity Mgt. Trust Co., 883 F.3d 1, 7 (1st Cir. 2018).

## II.  Discussion

### A.  FSA Claims

The FSA allows eligible prisoners to earn ten days of time credits, or in some cases, fifteen days of credits, for every thirty days of qualified programs and activities they participate in while serving the custodial component of their sentences.  See 18 U.S.C. § 3632(d)(4)(A), (B), (D).  FSA time credits, when applied, advance the date when the prisoner will be placed in "prerelease custody" (including home confinement or residential reentry facilities), or accelerate the date when the prisoner will leave BOP custody to start a term of court-imposed supervised release.  See Hedges v. U.S. Marshals Serv., No. 5:22-cv-294-DCR, 2022 U.S. Dist. LEXIS 212385, at *3, 2022 WL 17177630, at *3 (E.D. Ky. Nov. 23, 2022).  Under the FSA, the BOP cannot apply any time credits to a prisoner's sentence until the prisoner has earned credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment."  18 U.S.C. § 3624(g)(1)(A).

Mr. Gonzalez has a life sentence. Unless his sentence is reduced,[1] his remaining imposed term of life imprisonment will necessarily exceed the amount of FSA time credits he could earn. Accordingly, Mr. Gonzalez's claims challenging the failure of the BOP to apply any FSA time credits to his sentence are unavailing, and the district judge should grant the respondent's motion for summary judgment to that extent.

### B. Claims Challenging Life Sentence

A federal prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States" may petition for habeas relief. 28 U.S.C. § 2241(c)(3). "Congress [has] generally barred federal prisoners 'authorized to apply for relief by motion pursuant to' [28 U.S.C.] § 2255 from applying 'for a writ of habeas corpus' under § 2241." Jones v. Hendrix, 599 U.S. 465, 143 S. Ct. 1857, 1866 (2023) (citing 28 U.S.C. § 2255(e)). The remedy under § 2241 remains available where the petitioner can show that relief under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e). That exception to the general rule relating to

---

[1] The petitioner previously moved unsuccessfully for relief in his criminal case under 28 U.S.C. § 2255. In November 2023, he filed a motion in his criminal case to reduce the length of his sentence, and that motion remains pending in the Northern District of Ohio. See Mot. to Reduce Sentence, United States v. Gonzalez, No. 04-cr-328 (N.D. Ohio, filed Nov. 6, 2023) (ECF No. 191).

federal prisoner petitions, known as the "savings clause," is traditionally used it to cover "unusual" circumstances, where it is "impossible or impracticable" for the petitioner to seek relief under § 2255.  See Jones, 143 S. Ct. at 1867.  In addition, the remedy under § 2241 remains available to challenge the BOP's computation of sentence credits, for prisoners attacking the legality of their present "'detention,'" without collaterally attacking the validity of their underlying sentences.  Id., 143 S. Ct. at 1867 (quoting 28 U.S.C. § 2255(e)) (emphasis in original).

    Mr. Gonzalez's claims that attack the legal or factual bases for his life sentence present the type of collateral attack on his sentence that falls within the scope of relief that may be available under § 2255.  Congress has generally channeled such collateral challenges into the sentencing court.  The savings clause, 28 U.S.C. § 2255(e), does not provide Mr. Gonzalez with a § 2241 remedy for those claims here, and he has presented no facts suggesting his actual innocence.  Accordingly, the district judge should dismiss Mr. Gonzalez's claims that challenge his life sentence for lack of jurisdiction under § 2241, without prejudice to his ability to pursue such claims in the court that sentenced him.[2]

---

[2] This court expresses no opinion as to whether Mr. Gonzalez's claims challenging his life sentence have been previously litigated, and as to whether the Sixth Circuit might permit him to file a second or successive § 2255 motion in the Northern District of Ohio.

**Motion for Injunctive Relief**

A petitioner seeking preliminary injunctive relief must establish that "'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 576 U.S. 863, 876 (2015) (citation omitted). "To demonstrate likelihood of success on the merits, [movants] must show 'more than mere possibility' of success – rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (citations omitted).

Mr. Gonzalez has moved for injunctive relief here, relating to a pending disciplinary matter. The substantive relief he seeks is not clearly stated but appears to involve an order directing the BOP to produce information to Mr. Gonzalez relating to two incident reports he received in November 2023. This court does not have jurisdiction to consider such claims for injunctive relief concerning the conditions of Mr. Gonzalez's confinement, unrelated to the claims asserted in this § 2241 petition. See Kyricopoulos v. Murphy, No. 16-cv-12431-IT, 2017 U.S. Dist. LEXIS 46643, at *4, 2017 WL 1190376, at *2 (D. Mass. Mar. 29, 2017). Furthermore, for reasons stated elsewhere in this Report and Recommendation, Mr. Gonzalez has not demonstrated any likelihood of success on the

merits of any of the claims he has asserted in his original § 2241 petition, to the extent those claims are within this court's § 2241 jurisdiction. Accordingly, the district judge should deny the petitioner's motion for injunctive relief (Doc. No. 10).

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 6), dismiss Mr. Gonzalez's habeas claims collaterally attacking the validity of his life sentence, deny Mr. Gonzalez's motion for injunctive relief (Doc. No. 10), and direct the clerk's office to enter judgment and close the case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 24, 2024
cc: David Gonzalez, pro se